**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOERNS WOUNDCO HOLDINGS, INC., | Case No. 19-11401 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| DYNAMIC MEDICAL SYSTEMS, LLC, | Case No. 19-11402 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| GLOBAL MEDICAL, LLC, | Case No. 19-11403 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| JOERNS LLC, | Case No. 19- 11413(___) |
| Debtor. | |
| In re: | Chapter 11 |
| JOERNS HEALTHCARE, LLC, | Case No. 19-11404 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| JOERNS HEALTHCARE MEXICO HOLDINGS I LLC, | Case No. 19-11405 (___) |
| Debtor. | |

1

| | |
|---|---|
| In re:<br><br>JOERNS HEALTHCARE MEXICO HOLDINGS II LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11409 (___) |
| In re:<br><br>JOERNS HEALTHCARE PARENT LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11411 (___) |
| In re:<br><br>JOERNS SERVICES LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11412 (___) |
| In re:<br><br>RECOVERCARE, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11408 (___) |
| In re:<br><br>RCJH CAMBRIDGE TECHNOLOGIES, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11406 (___) |
| In re:<br><br>RCJH MERGER SUB I, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11407 (___) |

AMERICAS 100151570

|  |  |
|---|---|
| In re: | Chapter 11 |
| SCOTT TECHNOLOGY, LLC, | Case No. 19-11410 (___) |
| Debtor. | |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 <u>CASES PURSUANT TO BANKRUPTCY RULE 1015(b)</u>

The debtors and debtors in possession in the above captioned cases (collectively, the "**Debtors**" or "**Company**") hereby move (the "**Motion**") this Court for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of John Regan in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[1] filed concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

### <u>RELIEF REQUESTED</u>

1.     By this Motion, the Debtors seek entry of the Order directing the joint administration of these Chapter 11 Cases (as defined below) for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases under the case of Joerns WoundCo Holdings, Inc. and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

---

[1]         Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

AMERICAS 100151570

In re:

JOERNS WOUNDCO HOLDINGS, INC.,
*et al.,*

      Debtors.

Chapter 11

Case No. 19-_____ (___)

Jointly Administered

2.      The Debtors also propose to include the following footnote in each pleading filed and notice mailed by the Debtors, listing the Debtors in these Chapter 11 Cases and the last four digits of their tax identification numbers along with the address of the Debtors' corporate headquarters:

> The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Joerns WoundCo Holdings, Inc. (3555); Dynamic Medical Systems, LLC (6816); Global Medical, LLC (0696); Joerns LLC (3625); Joerns Healthcare, LLC (1510); Joerns Healthcare Mexico Holdings I LLC (2869); Joerns Healthcare Mexico Holdings II LLC (2942); Joerns Healthcare Parent LLC (2727); Joerns Services LLC (3441); RecoverCare, LLC (1634); RCJH Cambridge Technologies, LLC (5541); RCJH Merger Sub I, LLC (3709); and Scott Technology, LLC (8047).  The address of the Debtors' corporate headquarters is 2430 Whitehall Park Drive, Suite 100, Charlotte, NC 28273.

3.      The Debtors also request the Clerk of this Court to make separate docket entries in each of the above-captioned cases substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Federal Rule of Bankruptcy Procedure 1015(b) that provides for the joint administration of the chapter 11 cases of Joerns WoundCo Holdings, Inc., a Delaware corporation, and its affiliated debtors. The docket in Case No. 19 - ____ should be consulted for all matters affecting these cases.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This

AMERICAS 100151570

is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.      The predicates for the relief requested by this Motion are Rule 1015 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

6.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

7.      On June 24, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

8.      The Company is a leading vertically-integrated manufacturer, distributor, and service provider of healthcare beds, therapeutic surfaces, patient handling products, and negative pressure wound therapy devices, with a number of industry-leading brands, including Ultracare® XT bed frame and Hoyer® lifts.  Founded as the Joerns Brothers Furniture Company in 1889, the Company entered the healthcare industry in 1960.  Today, with a strategically developed national

distribution infrastructure, and unmatched service capabilities and brand recognition, the Company has strong, timely, and efficient connections with leading healthcare providers across the care continuum, serving approximately 5,000 skilled nursing facilities, long-term care facilities, hospice agencies, and homecare agencies annually, as well as the United States Department of Veterans Affairs.

9.      The Company benefits from industry-leading manufacturing capabilities, providing a competitive advantage in key markets.  In particular, many of the Debtors' products are manufactured at a facility in Mexico that is owned and operated by a non-Debtor affiliate.[2]  The Company has 130 distribution locations and other facilities located throughout the United States, and executes approximately 62,000 transactions per month, consisting of deliveries, repairs, retrievals, and shipments of its products.  The Debtors are headquartered in Charlotte, North Carolina and have approximately 1,100 employees in the United States.

10.      On June 21, 2019, the Company executed that certain restructuring support agreement (the "**RSA**") with certain of its prepetition secured lenders who hold approximately 86% of the outstanding principal amount of the First Lien Obligations and 100% of the outstanding principal amount of the Second Lien Obligations.  On June 21, 2019 prior to the Petition Date, and pursuant to the RSA, the Debtors began solicitation of votes on their *Joint Prepackaged Chapter 11 Plan of Joerns WoundCo Holdings, Inc. and its Affiliated Debtors* (the "**Prepackaged Plan**") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  The Debtors expect that the Prepackaged Plan will be accepted by all classes entitled to vote in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code.  The Prepackaged Plan provides

---

[2]      The Debtors have non-Debtor affiliates in Canada, Mexico, the Netherlands, Belgium, and the United Kingdom (the "**Foreign Affiliates**").  The Foreign Affiliates are not Debtors in these Chapter 11 Cases.

for a comprehensive financial restructuring that will allow the Company to substantially de-lever its balance sheet, and enhance its ability to service customers, thereby positioning itself for future success and growth.

11.    Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, the RSA, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**BASIS FOR RELIEF**

12.    Bankruptcy Rule 1015(b) provides that "if two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its affiliates.  Fed. R. Bankr. P. 1015(b).

13.    Additionally, Local Bankruptcy Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing of a motion for joint administration . . . supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Local Bankruptcy Rule 1015-1.

14.    Joint administration is routinely granted in this Court for interrelated chapter 11 cases and is generally noncontroversial.  *See, e.g.*, *In re Southcross Energy Partners, L.P.,* No. 19-10702 (MFW) (Bankr D Del. Apr. 2, 2019); *In re Pernix Sleep, Inc.,* No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019); *In re Things Remembered, Inc.,* No. 19-10234 (KG) (Bankr. D. Del. Feb., 7, 2019); *In re Bertucci's Holdings, Inc.,* No. 18-10894 (MFW) (Bankr D Del. Apr., 17, 2018); *In re Bonanza Creek Energy, Inc.,* No. 17-10015 (KJC) (Bankr D Del. Jan. 5, 2017); *In re Key Energy*

AMERICAS 100151570

*Servs., Inc.,* No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Seventy Seven Fin. Inc.,* No. 16-11409 (LSS) (Bankr D Del. June 8, 2016).[3]

15.      The Debtors submit that joint administration of the Chapter 11 Cases is proper under Bankruptcy Rule 1015 and Local Bankruptcy Rule 1015-1.  Joerns WoundCo Holdings, Inc. is the ultimate parent of all the other Debtors.  Therefore, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

16.      The First Day Declaration establishes that joint administration of the Debtors' Chapter 11 Cases is warranted because it will ease the administrative burden on the Court and all parties in interest.  The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases may affect all of the Debtors.  If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping service.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

17.      Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding all of the Debtors' Chapter 11 Cases.  Moreover, supervision of the administrative aspects of the Debtors' Chapter 11 Cases by the U.S. Trustee will be simplified.  Therefore, joint administration will promote the economical and efficient

---

[3]      Because of the voluminous nature of the order cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

AMERICAS 100151570

administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

18.    Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the consolidated monthly operating reports on a debtor-by-debtor basis. If applicable, each creditor may file a proof of claim against the applicable estate in which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate. The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' Chapter 11 Cases. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

19.    No administrative or scheduling orders previously entered in these Chapter 11 Cases will require modification if this Motion is granted. Mailing lists in each of these Chapter 11 Cases will be consolidated for future noticing requirements.

## **NOTICE**

20.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the First Lien Steering Committee; (iii) Ankura Trust Company, as the First Lien Agent; (iv) Cetus Capital III, L.P.; (v) PineBridge; (vi) U.S. Bank National Association, as the Second Lien Agent; (vii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (viii) the Internal Revenue Service; (ix) the United States Attorney for the District of Delaware; (x) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); and (xi) any such other party entitled to receive

AMERICAS 100151570

notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### NO PRIOR REQUEST

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

10

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

Dated: June 24, 2019

Respectfully submitted,

FOX ROTHSCHILD LLP
 */s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (No. 3047)
Courtney Emerson (No. 6229)
Katelyn M. Crawford (No. 6591)
919 North Market Street
Suite 300
Wilmington, DE 19801
(302) 654-7444
jschlerf@foxrothschild.com
cemerson@foxrothschild.com
kcrawford@foxrothschild.com

David M. Turetsky (*pro hac vice* application pending)
Philip M. Abelson (*pro hac vice* application pending)
Richard A. Graham (*pro hac vice* application pending)
John J. Ramirez (*pro hac vice* application pending)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
david.turetsky@whitecase.com
philip.abelson@whitecase.com
rgraham@whitecase.com
john.ramirez@whitecase.com

Fan B. He (*pro hac vice* application pending)
WHITE & CASE LLP
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131
(305) 371-2700
fhe@whitecase.com

*Proposed Counsel to Debtors and*
*Debtors-in-Possession*

AMERICAS 100151570